## SOVEREIGN CAMP, W. O. W. *v.* GARNER.

[87 South. 458, No. 21216.]

1. INSURANCE. *Fraternal benefit societies not governed by general law as to filing constitution, etc.*

Under chapter 206, Laws 1916, fraternal benefit societies are exempt from the provisions of section 2636, Code 1906 (Hemingway's Code sec. 5102), and the existing requirements in reference to filing with the Insurance Commissioner the constitution, by-laws, rules, and regulations of such societies, and penalties for a failure to so file them, are contained in the provisions of chapter 206, Laws 1916.

2. Insurance. *Fraternal benefit society's laws are of no force unless filed with Insurance Commissioner.*

   Under the provisions of sections 12, 13, and 22 ch. 206, Laws 1916, the constitution, by-laws, rules and regulations, and amendments thereto, of every fraternal benefit society transacting business in this state must be filed with the Insurance Commissioner to give them validity in this state, and if such constitution and by-laws are not so filed, there has been no legal adoption thereof so far as the interests of policy holders in this state might be affected thereby, and they will not avoid or defeat any policy issued by such society in this state.

3. Evidence. *When certified copy of law of fraternal benefit order is introduced burden is on other party to show it had not been filed.*

   Under section 22, ch. 206, Laws 1916, printed copies of the constitution and laws as amended, changed, or added to, certified by the secretary or corresponding officer of the society, are prima facie evidence of the legal adoption thereof, and when a copy so certified has been introduced in evidence by a defendant society, the burden is on the plaintiff to show that such by-law, rule, or regulation has not been filed with the Insurance Commissioner.

Appeal from circuit court of Covington county.

Hon. W. H. Hughes, Judge.

Action by Mrs. Floyd Dora Garner against the Sovereign Camp, Woodmen of the World. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*W. U. Corley,* for appellant.

The question submitted by the court is whether section 2636, Code of 1906, which reads: "Every corporation, company, society, organization or association of this or any other state or county, transacting business of life insurance upon the co-operative or assessment plan, shall file with the commissioner of insurance and banking, before commencing to do business in this state, a copy of its charter or articles of association, as well as the by-laws, rules or regulations referred to in its policies or certificates and made a part of said contract. That no by-laws

or regulations, unless so filed with the commissioner, shall operate to avoid or affect any policy or certificate issued by such company or association," is repealed or modified by chapter 206 of the Laws of 1916.

Section 4 of chapter 206, Acts of 1916, answers that question itself, and makes very plain the question submitted. It reads as follows: Exemptions: Except as nerein provided, such societies shall be governed by this act, and shall be exempt from all provisions of the insurance law of this state, not only in governmental relations with the state, but for all other purposes, and no law hereafter exacted shall apply to them unless they be expressly designated therein.

We submit that the code section is not excepted anywhere in the entire act, therefore the only conclusion that can be reached is that chapter 206 of the Acts of 1916, govern exclusively the appellant in this cause. The title of the act is sufficient alone, if there was no other provision in the act. An act for the regulation and control of fraternal benefit societies. The title of the act alone specifically sets forth the intention of the act, and section 4, specifically states that the act and this act alone shall control both in matters for the state and for all other purposes.

Section 22 of the self-same act provides for the filing of the charter, or by-laws and constitution and amendments thereto, but does not attach the old penalty. Section 4 already referred to, specifically says this act shall control, hence the only conclusion that can be reached, is that chapter 206, Acts of 1916, repeals all insurance laws of the state insofar as societies of this kind are concerned. Therefore citations of counsel for appellee are out of order, wherein he cites 119 Miss. 727; 105 Miss. 750; 104 Miss. 752, etc. They have no application here; also *Mystic Circle* v. *Turner,* 105 Miss. 468, has no application here, for the reason that the act itself settles the question. It is not a question of implication, or repealing of statutes by implication in this case as matters now stand, because

the act inquired about by this court in section 4 settles and answers the question itself.

*Modern Woodmen* v. *Coleman,* 94 N. W. 814, is cited by counsel, and the language of the court used only in part, but nowhere in the entire record in this case, can anything be gathered or even implied that appellant has used any astuteness, to find an excuse to keep from paying this claim. On the contrary, it is specifically shown that the insured violated his contract himself, and now that he is dead, his mother, and not his wife is seeking to collect any way.

But counsel argues now that both the Code section and the Act of 1916 are applicable. Not so, and cannot be under any construction that can be applied. The appellant is either under the control of chapter 206 of the Acts of 1916, as an entirety or it is not governed by it at all.

Counsel presents a question new to us; that is that chapter 206 does not embrace this certificate, or the certificate here sued on. In that case all certificates issued before the insurance laws of Mississippi were passed, are not affected by and cannot be affected by any law that the legislature may pass on, has passed. No cases cited by him bear out his contention. It is quite a different thing from passing a law that undertakes to change or impair a contract, and that of passing of a law controlling contracts. No attempt has been made at all to impair appellee's contract, or to change it, and if his argument is to be considered good, then neither chapter 206 or the Code section either can affect the certificate here sued on, it should be void, and the insured agreed to that in writing, and the beneficiary herself admits it. Neither the code section or the chapter 206 either are referred to, or mentioned, yet the state steps in and makes conditions for them, and for the enforcement of their contract, notwithstanding they had made an independent contract of their own.

We submit again that the code section has no place in this trial, but frankly admit that we had overlooked it until attention was called to it by this court. The chap-

ter 206 of the Acts of 1916 govern entirely the appellant and like bodies.

We submit again, that if the Code section does apply, that a very grave injustice was done appellant by the court in taking charge of the case and rendering judgment, before appellant had rested its case.

*E. L. Dent,* for appellee.

Appellee has received a copy of the recent brief of appellant wherein it submits that the code section has no place in this trial, "but frankly admits, it had overlooked it until attention was called to it by this court."

It is to be observed further, however, that appellant has either "overlooked" "or by its silence frankly confesses," that the pertinent authorities cited by the appellee sustained the action of the court below, and maintained the right of appellee to recover.

Appellant cites section 4 of the Acts of 1916: "Except as herein provided, such societies shall be governed by this act, and shall be exempt from all provisions of the insurance laws of this state, not only in governmental relations, with the state, but for every other purpose, and no law hereafter enacted shall apply to them unless they be expressly designated therein."

This section does not, in express terms, refer to section 2636, Code of 1906 (Hemingway's Code, section 5102) and it must be admitted that this section was undoubtedly applicable when this certificate was issued, and was in every respect in force. It was therefore necessary for the appellant to file with the commissioner of insurance, "before commencing to do business, a copy of its charter or articles of association, its by-laws, rules or regulations referred to in its policies or certificates and made a part of said contract," and it was imperative "that no by-laws or regulations, unless so filed with the commissioner shall operate to avoid or affect any policy or certificate issued by such company or association."

The Act of 1916 provides that an organization which shall make provision for the payment of benefits in ac-.cordance with section 5 hereof, is hereby declared to be a fraternal benefit society. This act only applies to societies providing for the payment of benefits in aucordance with section 5 of the act, but does contain stringent provisions for the issuance of licenses, and for the operation of societies, under the supervision and control of the commissioner of insurance.

Section 6 limits the payment of death benefits to certain designated persons. Section 8 provides how a certificate should be issued and what it should contain, and does not, we respectfully submit, apply in any manner to certificates issued prior to the passage of said act. Section 22, we respectfully submit, applies to duly certified copies of amendments, or additions to the constitution and laws and that printed copies, and, not typewritten copies, duly certified to by the secretary or corresponding officer of the society, shall be *prima-facie* evidence of the legal adoption thereof. This clause authorized the filing of printed copies duly certified to by the commissioner of insurance, and does not, we submit, provide for the introduction of these amendments at a trial, without some evidence of filing with the commissioner.

The Act of 1916, prescribes an elaborate system for the government of these fraternal organizations and exempts them from certain provisions of the insurance laws of the state, which also provides for the inspection and supervision of insurance companies by the commissioner; and we therefore contended that the provision that no laws or regulations, unless filed with the commissioner, shall operate to avoid or affect any policy or certificate issued by such company or association, is not impaired by, or in conflict with, any of the provisions of the Act of 1916.

These organizations must file their constitutions, by-laws, and amendments, thereto, with the commissioner of insurance. They may file printed copies of amendments or additions when duly certified to by the proper officer,

and unless there is some proof that it has been so filed, as required by section 2636 (Hemingway's Code, section 5102), they should not, for the reasons already stated, be permitted to be introduced in evidence.

The exemption of these fraternal societies from the provisions of the insurance laws of the state, not only in governmental relations with the state, but for every other purpose, was clearly intended to regulate and control all societies endeavoring to do business in the state after its passage, and to permit organizations transacting business in the state prior to its passage to continue to operate; but, we submit, did not exempt them from the enforcement of a rule of evidence that when the amendments of the constitution and by-laws are sought to be introduced, some proof should be furnished that they have been filed, and, as stated, there is no requirements in the Act of 1916, which is repugnant to the provision that, the by-laws or regulations must be filed with the commissioner of insurance or annuls the authority of *Mystic Circle* v. *Turner,* 105 Miss. 48.

We therefore respectfully submit that this cause should be affirmed.

W. H. Cook, J., delivered the opinion of the court.

Appellee instituted this suit against the Sovereign Camp of the Woodmen of the World to recover on a policy of insurance issued for her benefit to her son, William A. Garner, now deceased, and from a judgment for appellee this appeal was prosecuted.

To the declaration filed in this cause, appellant filed its plea of the general issue, and also filed a special plea averring that—

"The insured violated section 43 of the constitution and by-laws of the Sovereign Camp of Woodmen of the World, in that he changed his occupation from an unhazardous to a hazardous employment by becoming an employee in an electric current generating plant, which said employ-

ment began in June, 1918, and said insured wholly failed to give notice within thirty days of his change of occupation and wholly failed to pay his monthly installment of thirty cents per thousand as required by paragraph (b), section 43, of the constitution and by-laws of the Sovereign Camp of the Woodmen of the World, whereby he became suspended and his beneficiary certificate became null and void long prior to his alleged death in November."

To this special plea appellee filed a replication, denying that the insured had violated section 43 of the constitution and by-laws of appellant society, or that the insured had changed his occupation from an unhazardous to a hazardous employment by becoming an employee of an electric current generating plant, or that said insured had wholly failed to give notice within thirty days of his change of occupation or to pay his monthly installment of thirty cents per thousand as required by paragraph (b), section 43, of the constitution and by-laws of the Sovereign Camp, Woodmen of the World, whereby he became suspended and his beneficiary certificate became null and void prior to his death; but charged the fact to be that the insured died of Spanish influenza and pneumonia, and that his former occupation had not contributed in any way to the death of insured.

By agreement of counsel the cause was submitted to the court, without the intervention of a jury, to abide the action and judgment of the court upon the special plea, under certain evidence introduced by the parties and the following agreed statement of facts:

"That Willie A. Garner, the insured in policy sued on, was admitted to membership of the Sovereign Camp of the Woodmen of the World, and a policy issued to him, dated May 24, 1904, at which time he was working as an employe of a lumber manufacturing concern, principally in a planing mill; that he continued to so work until in June, 1918, when he left the employment of said lumber manufacturing concern and entered the employment of the Hattiesburg Traction Company of Hattiesburg, Miss.,

and remained in their employ until the illness that caused his death; that the Hattiesburg Traction Company is a corporation incorporated under the laws of the state of Mississippi, and is engaged in the operation of street car lines and street cars propelled by electric current, and street lights, electric lights for domestic and general business use, and to this end generates its electric currents; that in the month of June, 1918, the insured, Willie A. Garner, became an employee in the generating plant of the said Hattiesburg Traction Company, so engaged as an electric generating plant, and was employed as an oiler; that his duty as such oiler was to see that all bearings in said plant were properly lubricated, the engine rooms properly swept and cleaned, and that all idle machines were wiped and cleaned; that his position as such oiler was subordinate to that of the engineer, and that he continued to occupy this position until the 18th day of December, 1918, when he was stricken down with Spanish influenza, from which developed pneumonia, from which he died December 28, 1918, and that his occupation did not cause his death; that the deceased was a member of the Ora Camp at Ora, Miss., and gave no notice to the clerk of said camp of his change of occupation, and did not pay the the sum of thirty cents per month on each one thousand dollars of insurance carried, and that the clerk of said camp would so testify; that the deposition of Sovereign Clerk John T. Yates is hereto attached, and agreed that same may be a part of this record, subject to objection for competency and relevancy only; that the copy of the policy attached to plaintiff's declaration is a true copy of the policy issued to deceased, and that the plaintiff, Mrs. Floyd Dora Garner, is the beneficiary mentioned in said policy, and that she is of legal age; that proof of death was duly and formally made by said beneficiary, all of which is attached to this agreement, made a part hereof, and included in this agreement; that suit was filed by said beneficiary under date of June 4, 1919, and defendant hath pleaded thereto, relying on sections

43 and 70 of the by-laws and constitution of said defendant as a defense thereto."

The deposition of John T. Yates, Sovereign Clerk and *ex-officio* secretary of appellant society, was offered in evidence, and there was attached thereto as an exhibit a printed copy of the constitution and by-laws of the society, certified by the witness as being a true, perfect, and compared copy, and section 43 of these by-laws contains the following stipulation:

"If any member engage in the occupation or business of employee in an electric current generating plant, he shall within thirty days notify the clerk of his camp of such change, and while so engaged in such occupation, he shall pay on each monthly assessment or installment thirty cents for each one thousand dollars of his beneficiary certificate in addition to his regular rate, and any member failing to notify the clerk and make such payments as above provided shall stand suspended and his beneficiary certificate be null and void."

Appellee objected to the introduction of the constitution, rules, by-laws, or regulations of the appellant society for the reason that appellant had not shown that it had complied with section 2636, Code of 1906 (Hemingway's Code, section 5102), by filing with the State Insurance Commissioner a copy of such constitution and by-laws. This objection was sustained by the court, and thereupon appellant requested an adjournment until the following morning, it being then seven o'clock p. m., to enable it to introduce the Insurance Commissioner to make this proof. This motion for an adjournment was overruled, and judgment was entered in favor of appellee for one thousand dollars.

The first question presented for decision is whether section 2636, Code of 1906 (Hemingway's Code, section 5102), providing that no by-laws or regulations shall operate to avoid or affect any policy unless filed with the Insurance Commissioner, has been repealed or in any way modified by chapter 206, Laws of 1916, regulating fraternal bene-

fit societies operating on the lodge system and having a representative form of government.

By chapter 206, Laws of 1916, the legislature has provided a complete scheme for the organization and government of fraternal benefit societies organized in this state, and for the government and control of such foreign societies or companies as were already doing business in this state at the time of the adoption of this chapter, or which might thereafter be admitted to do business in this state. Section 4 of this chapter provides:

"Except as herein provided, such societies shall be governed by this act, and shall be exempt from all provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein."

This section expressly exempts fraternal benefit societies from the operation of section 2636, Code of 1906 (section 5102, Hemingway's Code), unless there is some provision of the act of 1916 which prevents the exemption thereof from applying to this Code section, and we find no provision in chapter 206 which takes this Code section out of the exemption; but, on the contrary, when all the provisions of the chapter are considered together it appears that it was intended to substitute for this section of the Code a different scheme for the accomplishment of the purpose sought to be guaranteed under the provisions of the Code section. We conclude therefore that under section 4 of chapter 206, Laws of 1916, fraternal benefit societies are exempt from the provisions of section 2636, Code of 1906 (Hemingway's Code, section 5102), and that we must look to the provision of the act of 1916 alone to find the existing requirements in reference to the duty of filing with the Insurance Commissioner the constitution, rules, by-laws, and regulations of such societies, and also the penalty for a failure to so file them.

What, then, are the requirements of chapter 206, Laws of 1916, in reference to filing with the Insurance Com-

missioner copies of the constitution and by-laws of such societies? The act provides for the organization and incorporation of fraternal benefit societies within the state, and also provides the terms and conditions upon which societies already organized and doing business in the state may continue.

Section 12 of the act, after providing how a fraternal benefit society, as defined by the act, may be organized and secure articles of incorporation in this state, contains a further provision, as follows:

"Such articles of incorporation and duly certified copies of the constitution and laws, rules and regulations, and copies of all proposed forms of benefit certificates, applications therefor and circulars to be issued by such society, and bond in the sum of five thousand dollars, with sureties approved by the Insurance Commissioner, conditioned upon the return of the advanced payments, as provided in this section, to applicants, if the organization is not complete within one year, shall be filed with the Insurance Commissioner, who may require such other information as he deems necessary, and if the purposes of the society conform to the requirements of this act, and all provisions of law have been complied with, the Insurance Commissioner shall so certify and retain and record, or file, the articles of incorporation, and furnish the incorporators a preliminary certificate authorizing said society to solicit members."

Under the provisions of the insurance laws which were in force at the time of, and prior to, the adoption of the Act of 1916, every fraternal benefit society or company was required to file with the Insurance Commissioner a copy of its constitution, by-laws, rules, and regulations before it was permitted to transact business in this state, and no rule or regulation had any validity here unless so filed, and this Act of 1916 provided that any such society that was lawfully engaged in transacting business in the state at the time of the passage of the act might continue to exercise the rights, powers, and privileges then exer-

cised or possessed by it under its articles of incorporation. Such a society possessed no rights or privileges in this state until its constitution and laws were filed here, and the constitution and by-laws of such society being already on file with the Insurance Commissioner, it was only required that it should file any amendments which might be adopted from time to time if it desired to continue to transact business in this state; this provision of the act being found in section 13 thereof, which reads.

"Any society now engaged in transacting any business in this state may exercise, after the passage of this act, all of the rights conferred thereby, and all of the rights, powers and privileges now exercised or possessed by it under its charter or articles of incorporation not inconsistent with this act, if incorporated; or, if it be a voluntary association, it may incorporate hereunder. But no society already organized shall be required to reincorporate hereunder, and any such society may amend its articles of incorporation from time to time in the manner provided therein or in its constitution and laws, and all such amendments shall be filed with the Insurance Commissioner, and shall become operative upon such filing, unless a later time be provided in such amendments or in its articles of incorporation, constitution or laws."

Section 22 of the act requires that every such society transacting business in this state shall file with the Insurance Commissioner all amendments or additions to its constitution and laws; this section being as follows.

"Every society transacting business under this act shall file with the Insurance Commissioner a duly certified copy of all amendments or of additions to its constitution and laws within ninety days after the enactment of the same. Printed copies of the constitution and laws as amended, changed or added to, certified by the secretary or corresponding officer of the society, shall be *prima-facie* evidence of the legal adoption thereof."

It will thus be seen that sections 12, 13, and 22 of chapter 206, Laws of 1916, require that the constitution, by-

laws, rules, and regulations, and amendments thereto, of all such societies transacting business in this state, whether they were admitted to transact business here prior to the adoption of the act, or were organized and incorporated under its provisions, must be filed with the Insurance Commissioner to give such constitution and laws validity in this state. If such by-laws, rules, and regulations, and amendments thereto, are not in fact on file with the Commissioner, there has been no legal adoption thereof so far as the interests of the policy-holders in this state might be affected thereby, and they have no life or validity here, and will not avoid or defeat any policy issued by such company or society in this state.

It remains, then, to consider the effect of the provisions of said chapter 206 upon the kind and character of evidence now required to show the legal adoption of the constitution and by-laws of any such society. Section 22 of the act provides that printed copies of the constitution and laws as amended, changed, or added to, certified by the secretary or corresponding officer of the society, shall be *prima-facie* evidence of the legal adoption thereof. Under this provision the society may introduce such a certified copy, and this shall be sufficient evidence of the legal adoption thereof, which in the purview of this statute includes filing, unless this *prima-facie* evidence is rebutted. In the instant case the appellant introduced the evidence required under this section to show *prima-facie* the legal adoption of the by-law, and the burden was thereby shifted to appellee to overcome this *prima-facie* evidence if, in fact, the by-law had not been filed and legally adopted in this state. Upon a new trial the pleadings may be amended so as to properly submit this issue.

In the final brief filed by counsel for appellee the contention is made that the appellant has waived any alleged forfeiture, but the question of a waiver was not raised in the pleadings, and the testimony upon which the argument is based is not fully developed in this record.

The judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*