Sovereign Camp Woodmen of the World v. Barnes.

Opinion delivered July 10, 1922.

1.  INSURANCE—PROOF OF BY-LAWS OF FRATERNAL ASSOCIATION.—Under Crawford & Moses' Dig., § 6097, requiring fraternal benefit societies to file with the insurance department a certified copy of amendments of their by-laws, but making copies of the constitution and by-laws as amended when certified to by the secretary of the society *prima facie* evidence of the legal adoption, an amended by-law properly certified is admissible in evidence without proof that a copy thereof had been filed in the insurance department.

2.  INSURANCE—FILING OF AMENDED BY-LAW.—Under Crawford & Moses' Dig., § 6097, requiring fraternal benefit societies to file copies of all amendments to their by-laws within 90 days after

their enactment, but not making such filing a prerequisite to the taking effect of the by-laws, the by-law is not prevented from taking effect until it is filed.

3. INSURANCE—MEMBER OF SOCIETY BOUND BY CONSTITUTION AND BY-LAWS.—Where the constitution and by-laws of a fraternal benefit society are made part of the contract by a statement in the application or policy, each member must take notice of the provisions of the constitution or by-laws, and is bound by an amended by-law, though he was not notified of its adoption.

4. INSURANCE—REINSTATEMENT—ACCEPTANCE OF DUES.—The requirement of the by-laws of a certificate of good health as a condition to reinstatement after forfeiture for nonpayment of dues is not waived merely by the acceptance of the dues and assessments by a local officer.

5. INSURANCE—REINSTATEMENT.—Proof that a fraternal benefit society had permitted the reinstatement of other members after forfeiture of their certificates for nonpayment of dues does not entitle a member to reinstatement without compliance with the by-laws, even if such proof established a general custom to that effect.

Appeal from Ashley Circuit Court; *Turner Butler,* Judge; reversed.

*T. E. Helm,* for appellant.

Each and every beneficiary certificate is issued upon the conditions stated in and subject to the constitution and laws then in force or thereafter enacted. 104 Ark. 538; 183 U. S. 308; 180 Pac. 2; 188 S. W. 941; 153 Wis. 223. The failure of William E. Barnes to comply with the requirements of reinstatement prevented a recovery. 133 Ark. 411; 136 Ark. 355; 85 S. R. 827; 180 Pac. 2; 144 Pac. 223; 125 N. W. 49; 170 S. W. 937; 172 S. W. 687. The court erred in refusing to sustain defendant's objections to the introduction of evidence as to reinstatement. 99 Ark. 547; 55 Ark. 567; 71 Ark. 197; 11 C. J. 176. The court erred in ruling that the testimony of John K. Barnes and Ned P. Atkins was competent. 104 Ark. 538; 133 Ark. 411. The court erred in holding that the change in the constitution was not binding upon the assured because the defendant had not complied with section 6097 of C. & M. Digest. See also secs. 6086, 6087 and 6090, C. & M. Digest; 104 Ark. 538; 133 Ark. 411; 151

N. W. 692; 87 Mo. 458. The certificate was not in effect and his beneficiary is not entitled to recover. 114 N. Y. S. 480; 89 Atl. 301; 63 So. 571; 80 So. 545; 47 Atl. 257; 188 Ill. App. 131; 32 Ind. App. 273; 69 N. E. 707.

*G. P. George* and *Compere & Compere,* for appellee.

The verdict of the jury was supported by the evidence. 233 S. W. 708. If the assured was not a member, and ceased to be such before January 3d, when the dues were sent in, then defendant has waived such defense by holding the dues. 233 S. W. 280. Such question was a question of fact for the jury to determine. 233 S. W. 280. No question was raised at the time he received the money as to the time it had been paid. 99 Ark. 204. It was a question for the jury to determine whether defendant had held it an unreasonable length of time before returning it. 233 S. W. 412. Any agreement, declaration or course of action on the part of the insurance company, which leads the insured to believe that by conforming thereto, a forfeiture of his policy will not be incurred, constitutes a waiver. 36 U. S. Law Ed. 496. The rules were not properly proved. 87 Ark. 115; C. & M. Dig., sec. 6087. The law does not favor forfeitures. 67 Ark. 506; 230 S. W. 576.

McCulloch, C. J. Appellant is a fraternal insurance society operating in Arkansas, and formerly had a subordinate branch, or camp, at Parkdale, in Ashley County. W. E. Barnes became a member of the camp at Parkdale in the year 1910, and kept up his membership by the payment of dues and assessments until September or October, 1920. His policy, or benefit certificate, in the sum of $2,000 was made payable to his wife, Maggie Barnes.

The camp at Parkdale was ordered disbanded for certain reasons, and the members who had preserved their membership were transferred to the camp at Omaha, Nebraska, and W. E. Barnes was one of the members so transferred. It is undisputed that he was suspended for nonpayment of assessments, either in September or Oc-

tober, 1920. There is a dispute in the testimony as to which of the assessments he failed to pay, whether his suspension occurred on account of the nonpayment of the assessment in September or in October. At any rate, it is undisputed that he was suspended not later than the first part of October, 1920, for nonpayment of assessments.

On January 3, 1921, a son of W. E. Barnes mailed to the clerk of the camp at Omaha, of which W. E. Barnes was a member, a postoffice money order for the sum of $16.20, which was the amount of three assessments, accompanied by a letter stating the fact that the money order was inclosed for the sum named, "covering three months' dues." The clerk made no reply to this communication until January 27, 1921, when he mailed the uncashed money order back to the address of Barnes, calling attention to the fact that another assessment was due before reinstatement could be effected, and that under the constitution and laws of the order a certificate of good health must be furnished.

Barnes died on January 19, 1921, and upon refusal of appellant to pay the amount of the benefits, this action was instituted to recover the sum named in the certificate. There was a verdict in favor of appellee, from which an appeal has been prosecuted.

The suspension of Barnes as a member of the fraternity being admitted, the only questions involved in the controversy are, whether or not he was duly reinstated, and whether the noncompliance with certain conditions of the by-laws with reference to the method of reinstatement were waived.

The application and policy state, in substance, that the by-laws of the order constitute part of the contract. The jury might have found from the conflicting testimony that at the time the remittance was made to the secretary of the camp at Omaha on January 3, 1921, the suspension for nonpayment of assessments had occurred within three months before that date, therefore the following by-law is the one which is applicable to the case:

"Sec. 66 (a)     Should a suspended member pay all arrearages and dues to the clerk of his camp within ten days from the date of his suspension, and if in good health at the time and continue in good health for thirty days thereafter, and not addicted to the excessive use of intoxicants or narcotics, he shall be reinstated and his beneficiary certificate again become valid.

"(b)     After the expiration of ten days, and within three months from date of suspension of a suspended member, to reinstate he must pay to the clerk of his camp all arrearages and dues and deliver to him a written statement and warranty, signed by himself and witnessed, that he is in good health at the time, and continue in good health for thirty days thereafter, and not addicted to the excessive use of intoxicants or narcotics, as a condition precedent to reinstatement, and waiving all rights hereto if such written statement and warranty be untrue.

"(c)     Any attempted reinstatement shall not be effective for that purpose unless the member be in fact in good health at the time, and continue in good health for thirty days thereafter, and if any of the representations or statements made by said applicant are untrue. then said payments shall not cause his reinstatement nor operate as a waiver of the above conditions."

The by-laws put in evidence were properly certified by appellant's supreme secretary, and it is shown that the by-law as it now appears was adopted at a regular session of appellant in the year 1919, but the court refused to permit it to be introduced in evidence for the reason that it was not shown that it had been filed with the insurance department in accordance with the provisions of the following statute:

"Every society transacting business under this act shall file with the insurance department a duly certified copy of all amendments of or additions to its constitution and laws within ninety days after the enactment of the same.     Printed copies of the constitution and laws as amended, changed or added to, certified by the secretary

or corresponding officer of the society, shall be *prima facie* evidence of the legal adoption thereof.'' Crawford & Moses' Digest, sec. 6097.

The record is silent on the subject whether or not the amendment to the by-laws had been filed with the insurrance department, but the statute itself provides that the certificate of ''the secretary or corresponding officer of the society shall be *prima facie* evidence of the legal adoption thereof,'' and under the statute this certificate is competent evidence of the adoption of an amendment, whether shown to have been filed with the insurance department or not. The Supreme Court of Mississippi announced this view in construing an identical statute of that State in the case of *Sovereign Camp W. O. W.* v. *Garner,* 125 Miss. 8, and our conclusion is that the Mississippi court was correct. In reaching that conclusion the court said:

''Section 22 of the act provides that printed copies of the constitution and laws as amended, changed, or added to, certified by the secretary or corresponding officer of the society, shall be *prima facie* evidence of the legal adoption thereof. Under this provision the society may introduce such certified copy, and this shall be sufficient evidence of the legal adoption thereof, which, in the purview of this statute, includes filing, unless this *prima facie* evidence is rebutted. In the instant case the appellant introduced the evidence required under this section to show *prima facie* the legal adoption of the by-law, and the burden was thereby shifted to appellee to overcome this *prima facie* evidence, if, in fact, the by-law had not been filed and legally adopted in this State.''

It will be observed that the statute we have quoted contains no condition or statement that the amendment shall not be in force until it is filed with the insurance department. It merely requires that this be done.

A society doing business here is amenable to the laws, and may be excluded from doing business here without complying with the laws, but this statute does not,

as long as the society is doing business here, require the filing of an amendment with the insurance department before it goes into effect. On the contrary, the statute expressly provides that the certificate, not of the insurance department, but of the secretary or corresponding officer of the society, shall be *prima facie* evidence of the legal adoption of the amendment.

It was contended by counsel for appellee in the trial below, and is so contended here, that the member was not bound by this by-law for the reason that he was not notified of its adoption. It has long been the rule adhered to in this court that the constitution and by-laws of a fraternal order constitute a part of the contract where it is so stated in the application or policy, and that each member must take notice of the provisions. The cases on this subject are collated in the recent case of *Sovereign Camp W. O. W.* v. *Newsom,* 142 Ark. 132. This being true, the member was bound by the by-laws with reference to the method of securing reinstatement, and it is undisputed that this by-law was not complied with.

It is next contended that there was a waiver of the requirement concerning a certificate of good health by the retention, for a time, of the remittance and until after the death of the deceased. We decided this question against the contention of appellee in the case of *Woodmen of the World* v. *Jackson,* 80 Ark. 419. That was the point expressly raised and decided in the case, and we held that there was no waiver of the noncompliance with the provisions of the by-laws merely by the acceptance by a local officer of the dues or assessments. The question of waiver under the same circumstances arose in the case of *Sovereign Camp W. O. W.* v. *Anderson,* 133 Ark. 411. Following the Jackson case, *supra,* we held that there was no waiver under those circumstances.

Appellee was permitted, over the objection of appellant, to introduce proof to the effect that reinstatement of members in this and some other subordinate branches of the fraternity had been permitted without furnishing

health certificates. The proof was not sufficient to show a general custom of accepting reinstatements in disobedience of the express terms of the by-laws, but, even if sufficient for that purpose, it is not competent to show an abrogation of the by-laws by that method. The acceptance of reinstatement of other suspended members at different times did not entitle this member to reinstatement in the same manner in disregard of the express terms of the by-laws.

Each party in the trial below requested a peremptory instruction, and the court gave such an instruction in favor of. the appellee.

The material facts are undisputed, and show that the deceased member, W. E. Barnes, was suspended from the fraternity and forfeited his benefit certificate, and that he was never properly reinstated, and was not a member at the time of his death.

The judgment against appellant was therefore erroneous upon the undisputed facts, and it is reversed and judgment will be entered here in favor of appellant.