DISTRICT GRAND LODGE No. 11 *v.* STEVENS.

Opinion delivered March 5, 1923.

1. INSURANCE—PAYMENT OF DUES TO LOCAL SECRETARY.—Where the by-laws of a fraternal society provided that all endowment dues must be paid to the endowment secretary, the fact that the members of a branch lodge paid their dues to a local secretary, who in turn forwarded the dues to the endowment secretary, did not establish a general custom or course of conduct on the part of the endowment department so as to abrogate the by-law requiring payment by the member and to confer authority on the local secretary as agent to collect.

2. INSURANCE—CUSTOM AS TO PAYMENT OF DUES—JURY QUESTION.— Whether there was a general course of conduct for the secretary of a local lodge to act for the fraternal society within the knowledge of the superior body as to show authority of the local secretary to collect dues *held* for the jury.

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; reversed.

*J. F. Jones* and *Mann & McCulloch,* for appellant.

There was a disputed question of fact as to whether or not the assessment and dues had been paid by the insured prior to his death, and within the terms of the policy. It was error therefore to direct the verdict for the plaintiff. The constitution and laws of a mutual benefit society constitute a part of the contract of insurance. 142 Ark. 132. The facts in this case are not such as to constitute the local secretary the agent of the insurer. 2 C. J. 432.

*Albert P. Smith* and *Frank ·P. Fitzsimmons,* for appellee.

McCULLOCH, C. J. Appellant is a fraternal society organized under the laws of the State of Arkansas and bearing allegiance to a national organization known as the ''Grand United Order. of Odd Fellows in America.'' There is a department of appellant organization designated in the constitution and by-laws as the district grand lodge endowment department, which furnishes insurance to members in good standing of the local lodges upon the payment of a small admission fee and the payment of quarterly dues. The policy is issued in the sum of three hundred dollars, and the present action is one to recover on a policy issued to Pittman Stevens, a member of one of the local lodges of the organization.

The by-laws provide that the endowment department shall be under the control of the endowment board, consisting of the district grand master, the endowment secretary, and the endowment treasurer. A section of the by-laws reads as follows:

''Sec. 6. The endowment secretary, on receipt of the said first payment, shall issue to the member of the lodge a policy stipulating such payment. All endowment dues must be paid to the Endowment Secretary within thirty days after the beginning of the quarter.''

Another by-law provides for automatic forfeiture in the event of nonpayment of dues within the time prescribed. These provisions are indorsed upon the policy itself.

The provisions indorsed on the policy with reference to forfeiture in case of nonpayment of dues reads as follows: "The failure of a member to pay quarterly dues to the endowment secretary within thirty days after the beginning of each quarter will forfeit this policy without notice."

It was the custom in the lodge to which Pittman Stevens belonged for the members to pay their quarterly dues to the secretary of that lodge, who remitted the same to the endowment secretary with a list showing the names of the members who had paid and the amounts. In July, 1921, three of the members of this local lodge, including Stevens, were unable to pay their dues, which were payable not later than July 31, and the lodge decided to make each of them a loan of sufficient amount to pay their dues, and the secretary of the lodge was instructed to send in the amount to the endowment secretary with the payments made by other members. This was done, but, in making out the list of those who had paid, the lodge secretary erroneously omitted the name of Stevens, and instead thereof put in the name of a member named Martin, who had not paid. The endowment secretary, on receipt of the list, credited the amounts to the respective members who were named on the list. This payment was made to the endowment secretary on the last day for payment, and the mistake was not discovered until after the death of Stevens, which occurred on August 27, 1921, and the proofs of loss were subsequently sent in.

Liability was denied on the ground that Stevens forfeited his policy by failure to pay the July dues within the time required by the laws of the association.

At the conclusion of the trial the court gave a peremptory instruction in favor of appellee and judgment

against appellant was accordingly entered for the full amount of the policy.

The ruling of the court in taking the case from the jury is defended under authority of the case of *Sovereign Camp* v. *Newsom,* 142 Ark. 132, 14 L. R. 903, when the court held that where the clerk or secretary of a local branch of a mutual benefit society is charged with the duty of collecting and forwarding monthly assessments and is subject to suspension or removal for failure to discharge his duties, he is, in fact, the agent of the superior organization in the collection of such dues, "notwithstanding a rule or by-law of the order recites that such officer in collecting or forwarding assessments shall be the agent of the members of the subordinate lodge." The facts in the present case are quite different, however, from those recited in the opinion in the case referred to above. In that case the by-laws of the organization provided that it should be the duty of the clerk or secretary of the local organization to collect and forward the dues, and that for failure to discharge his duties the superior body might remove him. In the present case there is no authority conferred by the by-laws upon the secretary of the local lodge to collect the dues. On the contrary, the by-laws distinctly provide that payments shall be made by the members to the endowment secretary within the time prescribed. The by-laws confer no authority whatever on the part of the endowment department or any of the officers thereof to control the local secretary, and there is proof tending to show that there was no attempt to exercise any control over him. The most that is shown in the proof is that it is a custom in this particular lodge for the members to pay the local secretary and for the latter to forward the amount to the endowment secretary. The case is therefore not controlled by the former decision referred to. In that case, as in many other cases, we have decided that the by-laws constituted a part of the contract between the members and the society.

The mere fact that the members of this particular lodge paid their dues to the local secretary, who, in turn, forwarded the sum to the endowment secretary, does not establish a general custom or course of conduct on the part of the endowment department or its governing officers so as to constitute an abrogation of those provisions of the by-laws which require the payment to be made by the member and to confer authority upon the local secreaary as the agent of the endowment department to collect the dues. *Sovereign Camp W. O. W.* v. *Barnes,* 154 Ark. 486.

The testimony in the case at most only made it an issue for the jury to determine whether or not there had, in fact, been established such a general course of conduct within the knowledge of the governing officers as to show authority to the local secretary to collect the dues for the superior body.

The fact that a mistake was made in omitting Stevens' name from the list of members who had paid and inserting in lieu thereof another member who had not paid is not a material factor as to the question of liability under the policy, for the case turns upon the question whether or not the local secretary was the agent of the superior body in collecting and forwarding the dues. If he was only the agent of the local lodge or of the local members, and not of the superior body, the latter was not responsible for the mistake, and the forwarding of the money for the payment of Martin's assessment did not constitute a payment of Stevens' assessment, notwithstanding the mistake.

For the error in giving the peremptory instruction the judgment is reversed, and the cause remanded for a new trial.

HART, J., dissents.